JFM:DAS/PKC
F.#2009R02161

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ MAY 17 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

PETER LIOUNIS, also known as
    "Mark Anderson,"
    "Andrew Black,"
    "James Weston,"
    "Mike Solli,"
    "Mike Slolli,"
    "Mike Sloli," and
RUSLAN RAPOPORT, also known as
    "Sam Freed,"
    "Alex James,"
    "Al Jason" and
    "Mark Berg,"

                      Defendants.

INDICTMENT
CR. NO. 350
(T. 15, U.S.C., §§ 78j(b) and
78ff; T. 18, U.S.C., §§
981(a)(1)(C), 982, 1341, 1343,
1349, 1956(h), 1957(a),
1957(b), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 853(p);
T. 28, U.S.C., § 2461(c))

GLASSER, J.

POHORELSKY, M.J.

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

        At all times relevant to this Indictment, unless otherwise indicated:

The Defendants and their Fraudulent Investment Schemes

        1.    In or about and between December 2008 and April 2012, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli" ("LIOUNIS") and RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg" ("RAPOPORT"), together with others, executed three successive

fraudulent investment schemes through which they obtained millions of dollars from investors based on false promises about investment opportunities.

2. LIOUNIS resided in, and conducted business in, Staten Island, New York.

3. RAPOPORT resided in, and conducted business in, Brooklyn, New York.

A. The Rockford Group Scheme

4. In or about and between December 2008 and November 2009, LIOUNIS and others executed a fraudulent investment scheme through a company called the Rockford Group.

5. The Rockford Group marketed itself through its website as "[a] leading private equity firm equipped with an $800 million dollar pipeline of investments, designed to provide opportunities for income, capital appreciation and preservation." The Rockford Group also sent direct mailings to prospective clients, which contained numerous false representations, including claims that the Rockford Group invested money for large, well-known corporations and that the Rockford Group had outperformed the Dow Jones Index by 238%.

6. Through unsolicited telephone calls, LIOUNIS, posing as "James Weston," and other representatives of the Rockford Group solicited investments in "Fixed Dividend Contracts," which purportedly were based on the purchases of

2

plaintiffs' rights to future recoveries in personal injury and other lawsuits. In these calls, investors were promised that they would earn a fixed rate of return of at least 15% on investments with the Rockford Group.

7. Contrary to these claims, the Rockford Group did not use investor funds as promised. Instead, nearly all of the funds invested with the Rockford Group were wired to bank accounts overseas. Although Rockford Group investors initially received a portion of their investments as purported dividend payments, these payments stopped by November 2009.

8. Approximately 200 Rockford Group investors in the United States and Canada invested over $11 million with the Rockford Group. The overwhelming majority of investors lost all of their principal investments.

B. General Motors IPO Investment

9. In or about and between September 2010 and November 2010, LIOUNIS and others executed a fraudulent investment scheme that involved a purported initial public offering ("IPO") of General Motors stock.

10. As part of this scheme, LIOUNIS, posing as "Andrew Black" from UBS, solicited investors to purchase stocks, including an IPO of General Motors stock. At the direction of "Andrew Black," investors sent funds to an address that supposedly belonged to UBS.

11. Contrary to these claims, no one named "Andrew Black" had ever worked for UBS. Furthermore, the address to which investors had been instructed to send funds did not belong to UBS. It instead corresponded to a commercial mailbox that was operated by a "virtual office" service unaffiliated with UBS.

C. The Grayson Hewitt Scheme

12. In or about and between May 2010 and April 2012, LIOUNIS, RAPOPORT and others executed a fraudulent investment scheme through a company called Grayson Hewitt.

13. As with the Rockford Group scheme, Grayson Hewitt marketed itself as a large investment firm, through the Internet and direct mailings, that purchased plaintiffs' rights to future recoveries in personal injury and other lawsuits.

14. As with the Rockford Group scheme, Grayson Hewitt sent mailings to prospective clients that contained numerous false claims, including the representation that Grayson Hewitt had provided more than $100 million to more than 2,000 customers.

15. LIOUNIS, posing as "Mark Anderson," and RAPOPORT, posing as "Sam Freed," called potential investors and solicited investments in "Fixed Dividend Contracts," promising a fixed rate of return of 15%. At LIOUNIS's instruction, several Grayson Hewitt investors wired funds to a bank account in Cyprus.

16. As with the Rockford Group scheme, Grayson Hewitt did not invest its funds as promised. Instead, virtually all of

4

the funds in the Grayson Hewitt bank account were wired to overseas bank accounts, or were used to purchase gold and consumer goods.

17. As with the Rockford Group scheme, Grayson Hewitt investors initially received monthly purported dividend payments reflecting returns on their investments, but these payments stopped by February 2012. Grayson Hewitt investors lost approximately $5 million as a result of this scheme.

<u>COUNT ONE</u>
(Mail and Wire Fraud Conspiracy)

18. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

19. In or about and between December 2008 and April 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and intentionally conspire to:

(a) devise a scheme and artifice to defraud investors of the Rockford Group, the General Motors IPO Investment and Grayson Hewitt, and to obtain money and property from them by means of materially false and fraudulent pretenses,

5

representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, to cause mail matter to be delivered by the United States Postal Service and commercial interstate carriers according to the directions thereon, contrary to Title 18, United States Code, Section 1341; and

(b) devise a scheme and artifice to defraud investors of the Rockford Group, the General Motors IPO Investment and Grayson Hewitt, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH SEVEN
(Wire Fraud)

20. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

21. In or about and between December 2008 and April 2012, both dates being approximate and inclusive, within the

6

Eastern District of New York and elsewhere, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," and RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the investors of the Rockford Group, the General Motors IPO Investment and Grayson Hewitt, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as set forth below:

|  |  |  |
|---|---|---|
| TWO | 12/19/2011 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #1, a person whose identity is known to the Grand Jury, outside of New York |
| THREE | 12/19/2011 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #2, a person whose identity is known to the Grand Jury, outside of New York |
| FOUR | 12/29/2011 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #2 outside of New York |

7

| FIVE | 01/24/2012 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #3, a person whose identity is known to the Grand Jury, outside of New York |
| --- | --- | --- |
| SIX | 02/02/2012 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #4, a person whose identity is known to the Grand Jury, outside of New York |
| SEVEN | 02/13/2012 | Telephone call by LIOUNIS, posing as "Mark Anderson" in Staten Island, New York to Investor #5, a person whose identity is known to the Grand Jury, outside of New York |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS EIGHT THROUGH THIRTEEN
(Mail Fraud)

22. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

23. In or about and between December 2008 and April 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," and RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors of the Rockford Group, the General Motors IPO Investment and

8

Grayson Hewitt, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did place in a post office and authorized depository for mail matter, and cause to be delivered by the United States Postal Service and private and commercial interstate carriers, according to the direction thereon, matter and things, as set forth below:

|  |  |  |
|---|---|---|
| EIGHT | 05/26/2010 | Western Union money order (No. 14-036755964) sent in express mail by RAPOPORT, posing as "Sam Freed" to Professional Answering Service |
| NINE | 07/28/2010 | Account Application, Direct Deposit Authorization Form and Fixed Income Contract sent via Federal Express by Investor #4 to Grayson Hewitt |
| TEN | 04/21/2011 | Check mailed by Investor #6, a person whose identity is known to the Grand Jury, through the U.S. Postal Service to Grayson Hewitt |
| ELEVEN | 07/01/2011 | Check sent via United Parcel Service by Investor #7, a person whose identity is known to the Grand Jury, to Grayson Hewitt |
| TWELVE | 12/06/2011 | Check sent via Federal Express by Investor #8, a person whose identity is known to the Grand Jury, to Grayson Hewitt |

| THIRTEEN | 12/09/2011 | Check sent via Federal Express by Investor #9, a person whose identity is known to the Grand Jury, to Grayson Hewitt |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNT FOURTEEN
(Securities Fraud - The Rockford Group)

24. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

25. In or about and between December 2008 and November 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, in that LIOUNIS did knowingly and willfully (a) employ devices, schemes and artifices to defraud, (b) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading, and (c) engage in acts, practices and courses of

10

business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of investments in Rockford Group, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIFTEEN
(Securities Fraud - General Motors IPO Investment)

26. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

27. In or about and between September 2010 and November 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, in that LIOUNIS did knowingly and willfully (a) employ devices, schemes and artifices to defraud, (b) make untrue statements of material fact and omit to state material facts necessary in order to make the statements

11

made, in the light of the circumstances in which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of investments in the General Motors IPO Investment, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIXTEEN
(Securities Fraud - Grayson Hewitt)

28. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

29. In or about and between May 2010 and April 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," and RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, in that the

defendants did knowingly and willfully (a) employ devices, schemes and artifices to defraud, (b) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of investments in Grayson Hewitt, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Money Laundering Conspiracy)

30. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

31. In or about and between December 2008 and April 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," "James Weston," "Mike Solli," "Mike Slolli" and "Mike Sloli," and RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and intentionally conspire to:

13

(a) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of mail fraud, wire fraud and fraud in the sale of securities, all specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B); and

(b) engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from mail fraud, wire fraud and fraud in the sale of securities, all specified unlawful activities, contrary to Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT EIGHTEEN
(Money Laundering)

32. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as though fully set forth in this paragraph.

14

33. On or about December 27, 2011, within the Eastern District of New York and elsewhere, the defendant RUSLAN RAPOPORT, also known as "Sam Freed," "Alex James," "Al Jason" and "Mark Berg," together with others, did knowingly and intentionally engage in one or more monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from mail fraud, wire fraud and fraud in the sale of securities, all specified unlawful activities.

(Title 18, United States Code, Sections 1957(a), 1957(b), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SIXTEEN

34. The United States hereby gives notice to the defendants charged in Counts One through Sixteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

35. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

15

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS SEVENTEEN AND EIGHTEEN

36. The United States hereby gives notice to the defendants charged in Counts Seventeen and Eighteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section

1956, or conspiracy to commit such offenses, and all property traceable to such property.

    37. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any

17

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

18

FORM DBD.34
JUN.85

No. _____

## UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

### THE UNITED STATES OF AMERICA

vs.

PETER LIOUNIS, also known as "Mark Anderson," "Andrew Black," et al.,

Defendants.

### INDICTMENT

(T. 15, U.S.C., §§ 78j(b) and 78ff; T. 18, U.S.C., §§ 981(a)(1)©, 982, 1341, 1343, 1349, 1956(h), 1957(a), 1957(b), 2 and 3551 et seq.; T. 21, U.S.C., §§ 853(p); T. 28, U.S.C., § 2461©)

A true bill.

_____
Foreman

Filed in open court this _____ day.
Of _____ A.D. 20____

_____
Clerk

Bail, $ _____

Pamela Chen, AUSA  (718) 254-7575