TRULINCS 48332054 - LIOUNIS, PETER - Unit: BRO-I-C

---

FROM: 48332054
TO:
SUBJECT: Motion to Substitute
DATE: 12/16/2012 07:42:41 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,
          Plaintiff;

vs.

PETER LIOUNIS, et, al,.
          Defendant.
-------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 20 2012 ★
BROOKLYN OFFICE

Dkt No: 12-CR-350
Hon. I Leo Glasser, U.S.D.C.J.

UNEQUIVOCAL DECLARATION TO PROCEED PRO-SE PURSUANT TO FARETTA v. CALIFORNIA and MOTION FOR ENLARGEMENT OF TIME TO FILE SUPPORTING MOTIONS, POINTS AND AUTHORITIES TO A DATE SIXTY (60) DAYS HENCE OF THE ORDER GRANTING THE RELIEF REQUESTED HEREIN.

COMES NOW THE DEFENDANT, Peter Liounis, acting pro-se, and in support of the above styled declaration and motion to expand the motions date, hereby avers as follows:

### JURISDICTION

1. This court has jurisdiction to entertain this "Pro-Se" (emphasis added) declaration and motion, pursuant to the Fifth Amendment to the United States Constitution, as applied to "Due Process" (emphasis added) afforded to Federal Pre-Trial detainee's; the Sixth Amendment to the United States Constitution, as applied to effective assistance of counsel, and the right to self-representation; Rule 201(d), of the Federal Rules of Evidence; Rule 51(a), and (b), of the Federal Rules of Criminal Procedure, as applied to errors and exceptions regarding previous rulings of this court; Faretta v. California, 422 U.S. 806 (1975), as applied to self-representation; and 18 U.S.C. ss: 3161(b), and 3162(a)(1), as applied to the Speedy Trial Act and the Thirty (30) Day time frame to indict, incident to arrest.

### PRO-SE STANDING REGARDING THIS MOTION

2. A defendants right to self representation plainly encompasses certain specific rights to be heard. A pro-se defendant "MUST" (emphasis added) be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, "Address the Court" (emphasis added), and the jury. (See: McKaskle v. Wiggins, 465 U.S. 168, 174, (1984). Defendant Liounis is literate, competent and understands the facts of the case, and is versed in basic legal research and pleadings crafting as is evidence by this pro-se declaration and motion.

### SUBSTITUTION OF COUNSEL

3. The defendant previously expressed his dissatisfaction via oral motion, as to assigned C.J.A. Counsel, Kelley J. Sharkey, Esq, (hereinafter referred to as "Counsel"). The defendant orally requested new counsel. The court denied the defendants oral motion. The instant motion is to substitute Counsel with the defendant Pro-Se.

### STANDBY COUNSEL

4. The defendant does not object to the appointment of standby counsel, as long as the standby counsel is not current counsel.

### COMPLEX CASE STATUS

5. The defendant is aware that the court has declared the instant matter to be a "Complex case" (emphasis added). As such, various procedural rights are enhanced, including but not limited to, appointment of a second seat and increased budgets for investigators. The instant motion to proceed pro-se, does not and should not be construed as a waiver of any

TRULINCS 48332054 - LIOUNIS, PETER - Unit: BRO-I-C

---

additional benefits available to the defendant, under the Complex Case rules.

## JUDICIAL NOTICE

6. This court has jurisdiction regarding this matter pursuant to Rule 201(d), of the Federal Rule of Evidence and Rule 51(b), of the Federal rules of Criminal Procedure.

7. In the instant declaration and motion to defendant requests judicial notice of various adjudicative facts requiring preservation for the record. The defendant herein infra, presents a chronological narrative of facts that have been previously enumerated to assigned counsel, and intentionally ignored by assigned counsel, causing prejudice to the defendant, by deprivation of effective assistance under the Sixth Amendment.

8. Counsel by error or design, intentionally waived the defendants preliminary hearing and misled the defendant regarding delays by stating the court was not hearing cases, when in fact the court was in session. Counsel ignored assigned time frames for filing motions. Counsel has intentionally missed numerous motions dates.

9. The list of points enumerated infra are informational for the purpose of preserving the record, as to further motions practice in the near term. The list enumerated infra is "NOT" (emphasis added), all inclusive and the defendant reserves the right to amend this motion with additional points in the future.

10. The list of points and authorities enumerated infra are intentionally void of points and authorities. The defendant will present formal motions on each and every point set forth infra, within sixty (60) days of the entry of an order by this court granting leave to proceed pro-se, as prayed herein.

## CHRONOLOGY OF THE CASE

11. Since the inception of the case up to the date of this motion the defendant has repeatedly informed Counsel of the the following facts:

(A) On 2/14/12, a complaint was filed under United States v. Vasquez, 12MJ00381. It appears the Vasquez complaint is a prosecutorial and investigative ruse designed to vest unconstitutional jurisdiction in this court.

(B) On 4/17/12 the defendant was arrested in the instant matter. It appears the instant matter tracks the Vasquez complaint cited supra at paragraph (A) and was utilized to effect the unlawful arrest.

(C) During the dates of 2/14/12, to 4/18/12, (hereinafter referred to as the "arrest ruse"), the arresting authorities engaged in numerous violations of the defendants right to due process, causing prejudice to, and the unlawful detention of the defendant.

(D) From the date of the arrest ruse on 4/17/12, to 5/17/12, the United States failed to bring an indictment. This violation of 18 U.S.C. ss: 3161(b) requires dismissal pursuant to 18 U.S.C. ss: 3162(a)(1). Additionally, Counsel failed to file any motion with the court, challenging the unlawful detention, in violation of the defendant right to due process.

(E) On 5/23/12, more than 30 days after the arrest, the defendant received a hand delivered document stating that the defendant would be arraigned on 5/25/12. This alleged arraignment was beyond the 18 U.S.C. ss: 3161(b) permissible time frame and requires dismissal under 18 U.S.C. 3162(a)(1).

(F) The indictment in the instant matter contains numerous procedural and factual errors which render it null and void, and foreclose the jurisdiction of this court. The defendant will fully brief each and every point, within sixty (60) days of this court granting leave to proceed pro-se.

## INEFFECTIVENESS ERRORS

12. The defendant informed counsel of the errors set forth supra at paragraph 11, and additionally requested that counsel demand the following:

(A) Bill of Particulars. (B) Brady material. (C) Jencks Material. (D) Giglio Material. (E) Grand Jury Calendar minutes. (F) Investigators notes. and (G) witness statements.

TRULINCS 48332054 - LIOUNIS, PETER - Unit: BRO-I-C

---

## UNETHICAL DUE PROCESS ERRORS BY COUNSEL & PROSECUTORIAL MISCONDUCT

13. The defendant requested counsel file the following motions, regarding prosecutorial misconduct which counsel has intentionally ignored, resulting in prejudice to the defendant:

(A) Dismissal for violation of 18 U.S.C. 3161(b). (B) Failure to toll the statute of limitation in good faith. (C) Violation of due process and termination of the case pursuant to 18 U.S.C. ss: 3162 (a)(1) - unconstitutional jurisdiction. (D) Unnecessary delay under Rule 48(b). (E) Violation of the defendants Fourth, Fifth and Sixth amendment rights. (F) Prosecutorial and investigative misconduct, as to mischaracterization, bad faith, concealment of exculpatory facts, conflict of issues, such behavior amounting to substantial prejudice to the defendant. (G) Severance, from fugitive co-defendant as the prosecution was fully aware of the co-defendants fugitive status, and is using such status to gain unfair advantage as to a speedy trial in this case.

## STATUS OF PROCEEDINGS

14. As of the date of this pleading the defendant is aware that the court appears to be of the opinion that the case is ready for motions practice and trial. The defendant respectfully requests the court take notice that as of this date, nothing has been accomplished by counsel as to even a preliminary investigation into the facts. None of the facts have been investigated. Discovery in the case is ongoing. No motions have been filed. The case is not on a footing to permit preliminary motions, let alone dispositive motions practice. The case most certainly is no where near a trial date. The defendant has pled herein numerous broad brush categories of motions practice that need to be developed in the future, and reserves the right to plead same upon a ruling by the Honorable Court granting leave to proceed pro-se.

15. The defendant has demonstrated supra, by a conclusive showing, that counsel has thus far failed to act in an ethical and effective manner, which supports the defendants contention that counsel should be relieved.

16. The defendant is entitled to control the organization and context of his defense and is constitutionally entitled to proceed pro-se.

17. The defendant has always acted in a respectful and professional fashion before this court. The defendant is not suffering from any mental or emotional impairment, and is not on any medication. The request to proceed pro-se is made in an unequivocal fashion and the defendant opines that there is no reason for this court to deny the relief requested herein.

18. The case at this stage is not set for trial, and there is no dilatory motive for seeking the relief requested herein. The United States will not be prejudiced in any manner by the courts granting the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE ALL PREMISE CONSIDERED the defendant prays entry of an ORDER granting (1) Leave to proceed pro-se; (2) Assignment of Standby counsel; (3) Dismissal of Counsel Kelley Sharkey, Esq, (4) Enlargement of the time frame for motions to a date sixty (60) days from the date this court grants the relief requested herein, and (5) Such other and further relief as to this honorable court appears to be just and proper.

Dated this 17th Day of December, 2012.

Respectfully submitted;

By: *[signature]*
Peter Liounis, Pro-Se.
Reg No: 48332-054
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

## PROOF OF SERVICE

I hereby aver that I caused to be mailed the original to the Clerk of the Court and conformed copies to those parties set forth below after having first affixed sufficient first class postage, pre-paid and placing same under separate cover, and

TRULINCS 48332054 - LIOUNIS, PETER - Unit: BRO-I-C

----------------------------------------------------------------------------------------

depositing same in the inmate prisoner legal mail box, at the above described institution, pursuant to the MAIL BOX RULE, on the date appearing infra. Clerk of the Court, 225 Cadman Plaza, East, Brooklyn, New York 11201. Hon: I Leo Glasser, USDCJ, IN CHAMBERS, 225 Cadman Plaza, East, Brooklyn, New York 11201. U.S. Attorneys Office, 271 Cadman Plaza, East, Suite 2805, Brooklyn, New York, 11201. Kelley Sharkey, Esq., Attorney at Law, 26 Court Street, Suite 2805, Brooklyn, New York, 11242.

Dated this 17th day of December, 2012.

By: *[signature]*
Peter Liounis.

Peter Lisunis
#46333-054
MDC Brooklyn
metropolitan Detension Center
P.O. Box 329002
Brooklyn NY. 11232

Honorable: Leo G Insse
USOCJ, In Chambers
225 Cadman Plaza, East
Brooklyn, New York. 11201

Legalzoommail