UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

                                                          MEMORANDUM AND ORDER
  -against-                                            12 CR 350 (ILG)

PETER LIOUNIS,

                Defendant.
------------------------------------------------x
GLASSER, United States District Judge:

        The defendant, *pro se*, has moved this Court to reconsider specified determinations in a submission of 16 single-spaced typed pages. It will be assumed that the record that has been created since the defendant's arrest on April 17, 2012 need not be reviewed and that an overview of it can be readily had by scanning the 115 entries made thus far on the docket sheet. It will suffice simply to make note of the fact that the determinations sought to have reconsidered derive from an indictment in which the defendant is charged with 13 Counts of Mail and Wire Fraud, 3 Counts of Securities Fraud and 2 Counts of Money Laundering.

## **Discussion**

        It is useful to state, at the outset, the standard that guides a court's determination of a motion to reconsider. In the civil context the standard is stated in Local Civil Rule 6.3 of the Eastern and Southern Districts to be that the movant must show that there are matters or controlling decisions the Court has overlooked. There is no analogue to 6.3 in the criminal context, but the local rules of the district may be adopted and applied there. See Rule 57(b) Fed. R. Cr. P., judicially embellished as in Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995), thus: "The major grounds justifying

reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," cited in United States v. Morrison, 2007 WL 4326796 (E.D.N.Y.)  Each of the challenged determinations will be considered in turn.

    1. The Speedy Trial Act - Computation

The defendant has asserted once before that the Speedy Trial Act has been violated and his assertion has once before been denied.  Dkt. No. 53.  His claim is predicated on his insistence that 18 U.S.C. § 3161(b) compels that conclusion.  His insistence is misplaced.  That statute captioned "Time Limits and Exclusions" provides in relevant part that: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ."  The statute is silent as to precisely how the thirty days are to be computed.  Rule 45(a)(1)(A) of the Fed. R. Cr. P. is specifically addressed to that issue.  That Rule provides in relevant part as follows:

> (a) Computing Time.  The following rules apply in computing any time period specified . . . in any statute that does not specify a method of computing time.
>
> (1) Period Stated in Days or a Longer Unit.
> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

(emphasis added). The Rule provides the method for computing the time that § 3161(b) does not.

In my Memorandum and Order dated February 13, 2013, Dkt. No. 53, I denied his motion which Rule 45(a)(1)(A) plainly compels and denied his motion to reconsider made then as well. Dkt. Nos. 69, 70. They are hereby denied again.

    2. <u>The Speedy Trial Act - Exclusions</u>

As near as can be discerned from two pages (4-5) of copious assertions, the defendant claims that the Speedy trial Act (STA) was violated by adding as a co-defendant in the indictment Ruslan Rapoport, a fugitive, for the purpose of circumventing the STA. That claim is predicated on the assumption that the time excluded from the operation of the STA was based solely on Rapoport's fugitive status and thus the applicability of 18 U.S.C. § 3161(h)(6), which excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." He is mistaken.

In the very early stages of this case, the Court was advised that it was a complex one. At a status conference on July 18, 2012, defense counsel was given 45 days to inform the Court of pretrial motions she intended to make. In doing so, the Court said, "I'm excluding the time between now and then pursuant to § 3161 Title 18 . . . not only based on § 7(A), but whatever the number is which makes provision for excluding time based upon the complexity of the case and given the enormous amount of discovery which has been thus far provided and I suspect will continue to be provided." Tr. 7/18/12 at p. 18.

The complexity of the case was made starkly apparent two months later, on

9/21/12, when at another status conference, the government reported that it gave the defendant "a fairly voluminous amount of material" with which defense counsel concurred, adding, "So far I have received more than fifty-four thousand pages of discovery." Tr. 9/21/12 at p. 2.  Periods of delay were consistently excluded at every stage of these proceedings with findings made, as appropriate, pursuant to 18 U.S.C. § § 3161(h)(1)(D), (h)(1)(G), (h)(7)(A), (h)(7)(B)(ii).  Defendant's claim of Speedy Trial Act violations have been repeatedly made and rejected.  His motion that the rejections be reconsidered is denied.  He has made no showing that there are controlling decisions or matters that the Court has overlooked nor a need to correct errors or prevent injustice.

The defendant has also claimed that the length of delay has violated his Sixth Amendment right to a speedy trial.  A determination of that claim summons the teaching of Barker v. Wingo, 407 U.S. 514 (1972), which prescribes a four part test to evaluate that claim, namely, (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice caused by the delay.  See 407 U.S. at 530.  To "trigger a speedy trial analysis," the defendant must show that the delay was presumptively prejudicial.  His claim that it is, is bottomed primarily on the difficulty of proceeding *pro se* while in custody.  The defendant was represented by counsel appointed pursuant to the CJA on the first day he appeared before the Court, April 18, 2012.  Counsel continued to represent him for the next nine months when he requested that she be dismissed and he be permitted to proceed *pro se*. Notwithstanding the Court's advice that doing so was ill-advised and informing him of all the disadvantages of proceeding *pro se*, insisting upon his constitutional right, his request was granted.  The difficulty he claims his *pro se* representation entails is belied

4

by the series of typed multi-page, single-spaced motions he has made, with citation of authorities in support of his many claims. He has had the service of investigators granted by the Court and the assistance of stand-by counsel. The delay has to a significant extent been caused by the successive motions he has filed, the time required for the government's response and the Court's determination of them. The delay, in no small measure, is attributable also to the voluminous discovery required by the complex mail, wire and security frauds with which he is charged. He cannot complain that a speedy trial has been denied him by the government which has responded swiftly to his discovery requests and to every application for relief that he has made. The Court in Barker cautioned that none of their four factors have a talismanic quality and that there is "no constitutional basis for holding that the right to a speedy trial can be quantified into a specified number of days or months." 407 U.S. at 523. And, in an observation that is stunningly apposite here, wrote that "the delay that can be tolerated for an ordinary street crime is considerably less than for a complex conspiracy charge." Id. at 531. As has already been noted, each excludable delay was bottomed upon a finding by the Court that it was authorized by 18 U.S.C. § 3161. His claim of a Sixth Amendment speedy trial violation is denied.

The findings made by the Court following a hearing on his motions to suppress statements, to suppress evidence seized pursuant to wire-taps conducted with court authorization, to contest the validity of the affidavits in support of the applications for the issuance of the search warrants and the emails seized pursuant to them are the objects of his motion for reconsideration. He has made no showing whatsoever that the Court overlooked any significant matter or controlling decision, nor has he made any

5

showing at all of clear error with which those findings were infected or manifest injustice with which those findings reek.  In short, his motion for a reconsideration of those findings is for nothing more than the reason that he disagrees with them.  I omitted a response to his motion alleging grand jury impropriety in returning his indictment which I deny for the reasons that it is incomprehensible and also meritless.

      Accordingly, his motions are denied.

      SO ORDERED.

Dated:      Brooklyn, New York
            October 10, 2013

                                                                                   s/
                                                      I. Leo Glasser

Document filed on ECF and sent by mail to:

Peter Liounis
48332-054
Box 329002
Brooklyn, NY 11232