UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

                                                                                                 ORDER

     -against-                                                                         12 CR 350 (ILG)

PETER LIOUNIS,

                Defendant.
-----------------------------------------------x
GLASSER, United States District Judge:

       The defendant's request for the services of a GPS cell site expert had been denied in a prior order in which the Court wrote "it would appear that the significant issue is whether the defendant was the user of the cell phones and that the precise location at the time of such use is inconsequential. Absent an articulation with specificity of the necessity of establishing the precise location of the subject cell phone while in use, his request for such services is denied."

       At a hearing on October 29th, 2013, at which a motion to dismiss various counts of the indictment was made and granted, a request for that expert was renewed as was his request for a voice analyst. At that hearing, the Court sought to ascertain from the government whether the reason for the Court's initial denial of that request, namely that it was the identity of the user that was significant and not the cell site where he was at the time, was correct. The government advised that it will seek to present expert evidence it believes will be relevant as to the location at which calls were made. The necessity of establishing the precise location of the cell phone while in use has thus been made manifest and his request for the services of a cell site expert is granted. The maximum amount for expert services has already been exceeded, but these additional services are appropriately granted in the interests of a meaningful defense and a fair

trial. The cost of such service may not exceed $4,000 exclusive of reimbursement for expenses reasonably incurred and subject to the limitations provided in 18 U.S.C. § 3006A(e)(3). Absent a stipulation regarding the qualifications of the experts, a Daubert Hearing will be held to discharge the Court's gate-keeping role, one week prior to the trial at a date and time to be determined.

The request for a voice analyst, previously denied and as renewed, is again denied. The government has advised that it will not call an expert voice analyst. Voice identification requires no expert qualification. See Fed. R. Ev. 901(b)(5). United States v. Cambendo Valencia, 609 F.2d 603, 640 (2d Cir. 1979); United States v. Charizio, 525 F.2d 289, 296 (2d Cir. 1975); United States v. Armedo-Sarmiento, 545 F.2d 785, 792 (2d Cir. 1977); United States v. Moia, 251 F.2d 255, 257 (2d Cir. 1958) (telephone voice is recognized as a possible means of identification); United States v. Marin Cifuentes, 866 F.2d 988, 995 (8th Cir. 1989); United States v. Alvarez, 860 F.2d 801, 809 (7th Cir. 1989) (aural voice identification is not a subject of expert testimony.) Tyson v. Keane, 159 F.3d 732, 738 (2d Cir. 1998) (Voice identification does not depend on specialized expertise.)

The trial which was scheduled to begin on November 4th, 2013, given the defendant's belated request for a cell site expert and his request for a continuance, is postponed until January 13th, 2014. The intervening time is excluded, the findings required by 18 U.S.C. § § 3161(h)(7)(A), (7)(B)(i). Findings previously made pursuant to 3161(7)(B)(ii) remain in effect.

SO ORDERED.

Dated:     Brooklyn, New York
           November 6th, 2013

                                                                                    s/
                                                             I. Leo Glasser