UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

              Plaintiff,                      MEMORANDUM AND ORDER
                                                      12 CR 350 (ILG)

    -against-

PETER LIOUNIS,

              Defendant.
-----------------------------------------------x
GLASSER, United States District Judge:

The *pro se* defendant has filed a 21 page document styled as follows: RESPONSE TO GOVERNMENT MOTION DATED OCTOBER 24, 2013, AMENDING INDICTMENT CR 12-350. I HEREBY INCORPORATE BY REFERENCE ALL PRIOR SUBMISSIONS INCLUDING BUT NOT LIMITED TO ALL MOTIONS, CERTIFICATIONS, TRANSCRIPTS OF RECORD, BRIEFS AND MEMORANDUMS AS PART AND PARCEL OF THIS SUBMISSION. I RE ALLEGE ALL FACTS AND CIRCUMSTANCES CONTAINED IN MY PRIOR SUBMISSIONS INCLUDING FEDERAL RULES OF CRIMINAL PROCEDURE 12(b)(3) AND 49, AND RESPECTFULLY <u>DEMAND</u> THAT ALL CHARGES BE DISMISSED WITH PREJUDICE DUE TO IRREGULARITIES IN THE GRAND JURY, PROSECUTORIAL MISCONDUCT, INTENTIONAL BRADY VIOLATIONS, SPEEDY TRIAL ACT VIOLATIONS AND VIOLATIONS OF MY FOURTH, FIFTH, AND SIXTH AMENDMENT RIGHTS.

He "humbly" asks the Court "to construe a pro se litigant's pleadings and motions liberally," citing <u>Haines v. Kerner</u>, 404 U.S. 519. As his "demand" makes plain, however, he has distinguished himself as being in a class quite apart from *pro se* defendants generally. He was fully aware of the inadvisability of proceeding *pro se*. He understood

that insisting on his constitutional right of self-representation did not give him a license to ignore relevant rules of procedure and substantive law. <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 183-184 (1984).  The observation of the Court in <u>Tracy v. Freshwater</u>, 623 F.3d 90, 102 (2d Cir. 2010), is particularly applicable to him.  There the Court wrote that:

> "[T]he appropriate degree of special solicitude is not identical with regard to all <u>pro</u> <u>se</u> litigants x x x x In sum, relevant precedent indicates that, while a <u>pro</u> <u>se</u> litigant should ordinarily be afforded a substantial degree of solicitude, the exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant.  In some circumstances, such as when a particular <u>pro</u> <u>se</u> litigant is familiar with the procedural setting as a result of prior experience such that 'it is appropriate to charge [him] with knowledge of . . . particular requirements' it falls well within a district court's discretion to lessen the solicitude that would normally be afforded."

(Internal citations omitted).  He has the necessary prior experience, having served a lengthy prison sentence after conviction in the S.D.N.Y. of the same crimes with which he is charged here.

The defendant has thus far filed 22 *pro se* applications for legal relief in 130 typed single spaced pages to which 333 pages of exhibits were attached numbering 463 pages in all.  The number of Orders issued in response to those applications thus far has not

been tallied. In a letter dated September 17, 2013, Dkt. No. 108, the defendant was admonished for seeking to file a mass of material the Clerk of Court refused to docket because the volume would cause the scanner to repeatedly jam by the dog-eared pages and the heavy duty staples. His attention was explicitly called, in that regard, to 28 U.S.C. § 1927.

This last filing is of a piece with that. He seeks an Order that would dismiss the indictment for reasons that he has advanced before and were rejected, but he nevertheless persists, undeterred, in advancing them again. His repeated insistence that the Speedy Trial Act has been violated was addressed as meritless in a Memorandum and Order (M&O) of February 13, 2013, Dkt. No. 53. His claimed violations of <u>Brady</u> and <u>Giglio</u> and motions to suppress search warrants and Title III authorized interceptions were denied from the Bench at a hearing on August 12, 2013.

On September 11, 2013, he moved the Court to reconsider its rulings and again sought a dismissal of the indictment for alleged government misconduct before the Grand Jury, and violations of the Speedy Trial Act. In an M&O dated October 16, 2013, Dkt. No. 121, his claims were denied.

In a letter filed September 26, 2013, the defendant sought funds to pay for a voice identification expert pursuant to the Criminal Justice Act which was denied in an Order dated November 7, 2013, Dkt. No. 142.

On October 24, 2013, the government moved for an Order dismissing several counts of the indictment which was granted on consent, orally, at a conference on October 29, 2013. He now seizes upon the dismissal of those counts as a veiled acknowledgment of a violation of the Speedy Trial Act which it would be sufficient to

dismiss as simply meritless.

The judicial quiver is woefully inadequate to provide an effective response to the litigious *pro se* defendant in a criminal case, as opposed to the litigious *pro se* litigant in a civil case.  See, e.g., Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994).  The response that must suffice to this last group of motions is that they are DENIED.

So Ordered.

Dated:       Brooklyn, New York
             December 18, 2013


_____s/_____
I. Leo Glasser