UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

        -against-

PETER LIOUNIS,

        Defendant.
-----------------------------------------------x

ORDER
12 CR 350 (ILG)

GLASSER, United States District Judge:

At the conclusion of a seven day trial by jury, the defendant was found guilty on all counts of a nine count indictment. He then moved this Court for an Order pursuant to Rules 29 and 33, Fed. R. Cr. P., that would set aside the guilty verdict and enter a judgement of acquittal or, in the alternative grant a new trial. Reduced to its essence, the ground upon which the motions rest is that the insufficiency of the evidence could not have led a reasonable jury to conclude that the defendant was guilty.

The standard to be applied in determining a Rule 29 motion has been stated and discussed in countless cases, perhaps none more clearly than by Judge Prettyman in <u>Curley v. United States</u>, 160 F.2d 229, 232-233 (App. D.C. 1947), cert denied, 331 U.S. 837 and reiterated by Judge Friendly in <u>United States v. Taylor</u>, 464 F.2d 240, 243 (2d Cir. 1972), as follows:

> The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt,

> the motion must be granted. If he concludes that either of
> the two results, a reasonable doubt or no reasonable doubt,
> is fairly possible, he must let the jury decide the matter.
> (footnotes omitted)

Having thorough familiarity with the evidence in this case, I can readily determine that "a reasonable mind might fairly conclude guilt beyond a reasonable doubt."

A Rule 33 motion may be granted "if the interest of justice so requires." As explicated, the cases teach that the Rule should be granted with caution and that it would be "a manifest injustice to let the guilty verdict stand." See, e.g., United States v Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). The trial record would drive the reader of it to conclude that it was not an innocent person who was found guilty by the jury beyond a reasonable doubt.

For the foregoing reasons, the defendant's motions are denied.

SO ORDERED.

Dated: Brooklyn, New York
April 11, 2014

                                                                      s/
                                                      I. Leo Glasser