UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

   -against-

PETER LIOUNIS,

        Defendant.
----------------------------------------------x

MEMORANDUM AND ORDER
12 CR 350 (ILG)

GLASSER, United States District Judge:

    The defendant was found guilty on February 5, 2014, on all counts of a nine count indictment at the conclusion of a seven day trial by jury. On March 4, 2014, motions pursuant to Rules 29 and 33 were filed by counsel on his behalf. DE 204. In an Order dated April 11, 2014, his motions were denied. DE 214. On July 17, 2014, the defendant, then acting *pro se*, filed a 28 page single spaced motion stated to be pursuant to Rules 33, 48(b) and 12(b)(3) of the Federal Rules of Criminal Procedure. It would suffice to simply declare that his motions are dismissed. His Rule 33 motion was previously dismissed, as indicated above; his 12(b)(3) motion is untimely, having to be raised by its express terms, before trial; and his Rule 48(b) motion has been repeatedly raised before and dismissed in a Memorandum and Order dated December 18, 2013. DE 152. It is worth noting that as of that date, this Court wrote that "the defendant has thus far filed 22 *pro se* applications for legal relief in 130 typed single spaced pages to which 333 pages of exhibits were attached numbering 463 pages in all. DE 152 at p. 2. This last motion is of a piece with those.

    In a letter response to this motion the government charts the docket entries and transcript references rejecting the claims repeatedly made there and made again here.

A series of claims for relief based on asserted improprieties and errors are trial related. Each of those claims is frivolous and meritless. In its response to them, the government briskly establishes their meritlessness and the Court fully endorses and incorporates that response in pages 5 and 6 of DE 237. The Court will, however, address his claim of ineffective assistance of counsel.

The Complaint in this case was filed on March 1, 2012. On April 18, 2012, the Court appointed Kelley J. Sharkey, Esq., to represent the defendant pursuant to the Criminal Justice Act. Ms. Sharkey promptly embarked upon her representation of him with a review of literally thousands of pages of discovery material familiarity with which was necessary to inform the filing appropriate pretrial motions. On December 21, 2012, she did file an extensive series of motions on his behalf. At about the same time, on December 20, 2012, the defendant filed a document styled "Unequivocal Declaration to Proceed Pro Se Pursuant to Faretta v. California . . . ." DE 38. In that submission, citing sections of the United States Code, Federal Rules of Evidence, Rules of Criminal Procedure and Supreme Court cases, he wrote that he "is literate, competent, and understands the facts of the case and is versed in basic legal research and pleadings crafting as is evidence [sic] by this pro se declaration and motion." His claimed competence in this regard is obviously based upon the experience he gained from his conviction of essentially the same crimes with which he is charged here, in the Southern District of New York just a few years before. At a hearing on January 7, 2013, the Court found him competent to waive counsel which he insisted upon doing despite the Court's efforts to have him reconsider that decision and have him understand that it was unwise. The transcript of that hearing is informative and is found in DE 206. On

January 9, 2013, Michael H. Gold, Esq., was appointed to assist him as standby counsel. DE 40.

Mr. Gold continued to serve in that capacity, diligently and faithfully for more than a year. Three days before the trial was scheduled to commence, on January 27, 2014, the defendant acknowledging his inability to represent himself at trial, requested a continuance to permit his family to retain counsel to represent him and for a continuance thereafter to permit new counsel to familiarize himself with the case. I denied his request but granted his desire to withdraw his waiver of counsel. I succeeded in prevailing on Mr. Gold, given his familiarity with the case, to accept my appointment to represent him at trial. His representation of the defendant on such short notice throughout the trial was exemplary. Given the overwhelming evidence against the defendant which included a mountain of exhibits and the moving testimony of the victims of his massive, sophisticated fraud, Mr. Gold's vigorous defense, insistently probing the armored evidence against the defendant, was commendable. A citation of Strickland v. Washington, 466 U.S. 668 (1984), would be misplaced here as being plainly inapplicable as even the most cursory reading of it would quickly establish. His claim of ineffective assistance of counsel is dismissed as is his motion in its entirety.

SO ORDERED.

Dated:   Brooklyn, New York
         August 19th, 2014

                                                    _____s/_____
                                                    I. Leo Glasser

Filed on ECF and copy mailed to:

Peter Liounis
48332-054
Box 329002
Brooklyn, NY 11232