```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                              MEMORANDUM AND ORDER
                                                        12 CR 350 (ILG)
    -against-

PETER LIOUNIS,

                Defendant.
-----------------------------------------------x
```
GLASSER, United States District Judge:

An undated letter was filed *pro se* by the defendant on December 15, 2014, DE 259, requesting the Court to issue an Order directing the government to return property seized from him at the time of his arrest. More specifically, he requests the return of an iPhone, all business cards, all identification documents including his driver's license, social security card, birth certificate and passport. He also requests that various changes be made to his Presentence Investigation Report. Construing his letter as a motion made pursuant to Rule 41(g), Fed. R. Civ. P., the Court directed the government to respond which it did, by letter dated January 16, 2015, DE 261.

## **Discussion**

It should be noted at the outset that the defendant was convicted of a number of crimes following an extended trial by jury, sentenced, and his appeal from those determinations is currently pending in the Court of Appeals for the Second Circuit. Rule 41(g) provides that "A person aggrieved . . . by the deprivation of property may move for the property's return."

To obtain the Order he requests directing the return of his property, the defendant must establish that (1) he is legally entitled to the possession of his property;

(2) the property is not contraband and (3) the government no longer has an evidentiary need or a legitimate reason to retain the property. It is that third prerequisite which requires that his motion be denied. Should he succeed on appeal and obtain an Order reversing his conviction and directing a new trial, his business cards and other identification documents which were received in evidence at trial, is property for which the government may have a legitimate need on a retrial not only as evidence but also to respond to the defendant's accusation that the documents were forged.

In its letter response, the government advises that his iPhone will be returned to his mother as he has requested provided he return the necessary executed release required by the Department of Homeland Security (DHS), and that she comply with DHS procedure for its return. His motion for the return of his identification documents is denied for the reasons stated. The government's assertion that it is not in possession of his birth certificate or passport is without further explanation. If the inference to be drawn from that naked assertion is that those documents never were in its possession, then his motion as to those is moot. If that inference is incorrect and those documents were in its possession and subsequently not to be found, the Court should be advised accordingly.

SO ORDERED.

Dated:     Brooklyn, New York
           February 4, 2015

                                                                                       s/
                                                I. Leo Glasser

Filed on ECF and a copy mailed to Peter Liounis