UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                         Plaintiff,            MEMORANDUM & ORDER
                                                     12-CR-350
     - against -                              17-CV-7013

PETER LIOUNIS,

                         Defendant.

------------------------------------------------------------x
GLASSER, Senior United States District Judge:

      The defendant has moved this Court for an order that would vacate his conviction, a conviction and sentence imposed as warranted by the determination of a jury that he was guilty of the crimes with which he was charged, having seen and heard extensive evidence of his guilt presented at a trial over a period of three weeks. His guilt endured pre- and post-trial motions challenging the validity of his conviction and sentence and remained undiminished after review by the Court of Appeals, 639 F. App'x. 731 (2d Cir. 2016); a denial of his subsequent petition for a hearing *en banc*; and a denial of his petition for a writ of certiorari. Precisely one year to the day thereafter, he filed this motion pursuant to 28 U.S.C. § 2255 which, together with attached exhibits, was 118 pages. His claims for relief are essentially that his trial and appellate counsel were constitutionally ineffective for a variety of meritless reasons and that the sentence imposed was procedurally and substantially flawed. Studiously avoided is any claim or reference to the effectiveness of his *pro se* representation at trial.

      On March 30, 2018, he filed an amended petition containing more than 300 pages in which he also requested the court to stay its determination pending the decision of the Supreme Court in *McCoy* v. *Louisiana*, which was decided on May 14, 2018. 138 S. Ct. 1500 (2018). His motion

1

for a stay was denied, and the government's request to extend its time to respond to June 29, 2018 was granted. ECF No. 297. On that day, the government did respond by filing a 42-page Memorandum of Law addressing every one of defendant's claims in a meticulously reasoned factual and legal refutation. A studied reading of that Memorandum of Law against the background of the Court's familiarity with this case compels that his motion be denied. That background was acquired by presiding over a challenging trial, extensive pre- and post-trial submissions, and countless written and oral Orders addressing them. In one of those Orders, the Court noted that the defendant had

> thus far filed 22 *pro se* applications for legal relief in 130 typed single spaced pages to which 333 pages of exhibits were attached numbering 463 pages in all. The number of Orders issued in response to those applications thus far has not been tallied. In a letter dated September 17, 2013, Dkt. No. 108, the defendant was admonished for seeking to file a mass of materials the Clerk of the Court refused to docket because the volume would cause the scanner to repeatedly jam by the dog-eared pages and the heavy duty staples. His attention was specifically called in that regard to 28 U.S.C. § 1927.

ECF No. 152 at 2-3.

In denying his motion, I adopt in its entirety, and incorporate herein, the government's Memorandum of Law in opposition to it. ECF No. 302. That superb disquisition together with the Mandate of the Court of Appeals affirming the defendant's judgment of conviction, ECF No. 276, makes the addition to them of no more than one word, superfluous. A written Order by this Court, recounting the reasons for denying this motion, would, in addition to being superfluous, be a poorly disguised exercise in plagiarism.

What I have described is a relentless tsunami of hundreds of pages of meritless motions seeking relief from claims which have been resolved against him by a jury, by this Court, by the Court of Appeals, and thought unworthy of further consideration by the Supreme Court in its denial of his petition for a writ of certiorari. What, then, is the entitlement of this serial offender to

smother the Clerk's Office of this Court, the judge's chambers and the Office of the United States Attorney, with many hundreds of pages of repetitious faux legal arguments of the jailhouse lawyer to incommensurably burden, that befalls the need to respond to its claims? Nearly fifty years ago, Judge Friendly asked in discussing collateral attacks on fully litigated criminal convictions, "Is innocence irrelevant?" Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attacks on Criminal Judgments*, 38 U. Chi. L. Rev. 142 (1970). The companion question virtually shrieks to be asked, "Is promiscuity irrelevant?"

The answer to both of these questions appears to be yes: Innocence and promiscuity are irrelevant insofar as the absence of the former and the presence of the latter in a § 2255 petition does not prevent its filing in advance. In each case, a judge will be called upon to review the petition, the supporting affidavit, the memorandum of law, and the response elicited from the government and to write an opinion declaring that the petitioner's guilt was correctly determined, procedurally and substantively, and that his claims for relief are without merit. The gnashing of teeth in remediless frustration is no response. The burden to be borne by the judiciary and its affiliate agencies by the filing of countless such petitions is justified if one petition is found to have merit. Some comfort may be derived from the reflection that he who saves one life saves the world.

The question posed above has surely been asked before. Although not answered, a thought on it written by Justice Harlan concurring in *Mackey* v. *United States*, 401 U.S. 667 (1971), is appropriately recalled:

> If law, criminal or otherwise, is worth having and enforcing, it must at some time provide a definitive answer to the question litigants present or else it never provides an answer at all. Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting and tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man

3

shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.

*Id.* at 691 (Harlan, J., concurring).

The Court need not—and will not—sit idly by as the defendant proceeds to strip the gears of justice with repeated, repetitive, voluminous, and, above all, frivolous motions that would litigate his conviction anew. The resources of the federal judiciary are finite; "[f]requent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice." *Persaud* v. *United States*, Nos. 04-CV-2862, 10-CV-156, 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2010). In light of this reality, district courts are obligated "to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau* v. *Meddaugh*, 229 F.3d 121, 123 (2d Cir.2000) (internal quotations and citations omitted). And a court is empowered—under 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket to prevent abuse of its proceedings—to impose justifiable filing restrictions on a *pro se* litigant. *See Safir* v. *U.S. Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986); *Gasaway* v. *Williams*, No. 8:11-CV-549, 2012 WL 264611, at *7 (N.D.N.Y. Jan. 30, 2012). In determining whether to do so, a court must consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24. The Court has weighed each of these factors here and concludes that a filing injunction is warranted in this case.

Accordingly, the defendant is hereby directed to show cause, within thirty days of this Order, why he should not be permanently enjoined from filing any future motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court, excepting an appeal from this Order. *See Moates* v. *Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (stating the "unequivocal rule" requiring courts to provide notice and an opportunity to be heard before imposing a filing injunction on a habeas petitioner with a penchant for filing frivolous and duplicative claims).

SO ORDERED.

Dated: Brooklyn, New York
July 16, 2018

/s/
I. Leo Glasser