UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

    - against -

PETER LIOUNIS,

        Defendant.
------------------------------------------------------------x

MEMORANDUM AND ORDER
12-CR-0350 (ILG)

**GLASSER**, Senior United States District Judge:

Pending before the Court is defendant Peter Liounis' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 315], and motion to expedite [ECF No. 323]. In the last of countless orders this Court has already authored on Liounis' many attempts to escape responsibility for his criminal activities, the Court described Liounis' filings as

> a relentless tsunami of hundreds of pages of meritless motions seeking relief from claims which have been resolved against him by a jury, by this Court, by the Court of Appeals, and thought unworthy of further consideration by the Supreme Court in its denial of his petition for a writ of certiorari.

*United States v. Liounis*, No. 12-CR-350, 2018 WL 9662488, at *2 (E.D.N.Y. July 16, 2018). In order to stop this "serial offender [from] smother[ing] the Clerk's Office of this Court, the judge's chambers and the Office of the United States Attorney, with many hundreds of pages of repetitious faux legal arguments," the Court permanently enjoined Liounis "from filing any future motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court." *Id.* at *2-3.

Liounis now seeks, on the basis of the COVID-19 pandemic, to be released from his prison term after having served less than half of it. His various filings in support of this latest motion span 200 pages of single-spaced, handwritten argument, medical records, and other assorted documentation. [ECF Nos. 315, 321-23]. The Government, which submits nearly 300 pages in

argument and medical records, opposes his motion for release. [ECF No. 320]. For the following reasons, Liounis' motion for release is **DENIED** and his motion to expedite is **DENIED AS MOOT**.

## BACKGROUND

On May 17, 2012, Liounis was indicted on 18 counts of money laundering, securities fraud, mail fraud, wire fraud, and conspiracy, arising from his participation in a series of complex fraudulent investment schemes through which he and his co-conspirators duped hundreds of investors out of millions of dollars. Indictment [ECF No. 14]. A full recitation of the schemes' operations, which involved companies located in at least four countries and involved the use of overseas shell companies, fraudulently procured bank accounts, and fictitious identities, is unnecessary for the purposes of this motion. Pre-Sentence Report, dated Apr. 17, 2014 [ECF No. 215] ("PSR"), at ¶ 13. In sum, Liounis acted as a salesman who induced victims to invest in fraudulent investment schemes established by other co-conspirators. Through unsolicited telephone calls, emails, fraudulent sales brochures sent through the mail, and the use of lies and deceit in three separate schemes, he induced at least 265 victims to invest in these fraudulent schemes, causing a total of $15,350,403 in loss. *Id.* at ¶ 30. Liounis began his participation in these schemes only months after being released from nearly seven years in prison for a very similar offense. *Id.* at 68.

On February 5, 2014, following a seven-day trial, a jury found Liounis guilty on all nine counts of a revised Indictment. [ECF No. 205]; PSR at ¶ 1. Liounis testified at trial, repeatedly denying any and all involvement in every aspect of the charged conduct and attempting to implicate another innocent individual. PSR at ¶ 34. His total offense level was 37 and his criminal history category was IV, leading to a Sentencing Guidelines range of 292-365 months imprisonment. PSR at ¶¶ 66, 73, 107. On August 22, 2014, the Court sentenced Liounis to 292

months of imprisonment, followed by three years of supervised release. Judgement in a Criminal Case [ECF No. 249]. Liounis is currently scheduled to be released from prison on January 10, 2033.

## DISCUSSION

I.  **Law**

18 U.S.C. § 3582(c)(1)(A)(i) provides that

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). The referenced § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and to provide specific and general deterrence. 18 U.S.C. § 3553(a). What constitutes an "extraordinary and compelling" reason is entirely within the district court's discretion. *United States v. Giddens*, No. 20-3270, 2021 WL 5267993, at *2 (2d Cir. Nov. 12, 2021); *see also United States v. Kimbell*, No. 21-288, 2021 WL 5441249, at *1 (2d Cir. Nov. 22, 2021) ("The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court."); *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.").

3

Because relief under this statute is only appropriate when all three required conditions are in place, namely, administrative exhaustion, satisfaction of the § 3553(a) factors, and extraordinary and compelling reasons, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction").

## II.  Application

Liounis argues that his underlying medical conditions – hypertension, asthma, shortness of breath, morbid obesity, sleep apnea, vascular disease, chronic gout, allergic rhinitis, chronic sinusitis, lymphoma, abnormal configuration of the left hilar region, and a slight compression of the body of T11 vertebra – places him at high risk from COVID-19. [ECF No. 315], at 2. The Court has previously held that the threat of exposure to the coronavirus does not, without more, provide an extraordinary and compelling reason to warrant granting a petition for compassionate release. *United States v. Locascio*, No. 90-cr-1051, 2020 WL 12719849, at *4 (E.D.N.Y. July 17, 2020) (collecting cases). A claim of entitlement to relief that is bottomed upon the existence of a risk that is applicable to the community at large is unpersuasive. In other words, to paraphrase Chief Judge Cardozo, risk in the air, so to speak, will not do. *Palsgraf v. Long Island R. Co.*, 162 N.E. 99, 99 (N.Y. 1928). More is required: a credible, real probability, not a mere undefined possibility.

There are three reasons why Liounis has not shown that the threat to him from the COVID-19 virus constitutes an extraordinary and compelling reason for purposes of the First Step Act.

4

First, Liounis' records show that he has been fully vaccinated against COVID-19, significantly reducing the likelihood that he will contract the virus. [ECF No. 320-1], at 67. This fact alone undermines his contention that he is at a high risk from the virus. Second, Liounis has not provided any evidence showing that the facility at which he is currently incarcerated, or the Bureau of Prisons more generally, is unable to treat his medical conditions or protect him from the risks he is facing from COVID-19. He offers no evidence, other than *ipse dixit*, to warrant a finding that the Bureau of Prisons is violating its statutory duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," 18 U.S.C. § 4042, given the existing circumstance of a pandemic. In fact, Liounis and the Government submit hundreds of pages of medical records showing that he is receiving medical care and is not experiencing any problems from his underlying medical conditions. The Court also notes that although Liounis asserts he suffers from lymphoma, his medical records do not support that diagnosis. Third, although the Court is not required to consider the specific conditions of confinement at the facility where Liounis is incarcerated, *see Keitt*, 21 F.4th at 72 n.3, it notes that the Bureau of Prisons currently indicates that there are no active cases at the facility where Liounis is incarcerated, indicating that his risk of exposure to the virus is actually low. Bureau of Prisons, COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited March 14, 2022).

Having proffered no compelling and extraordinary circumstances that would justify a reduction in sentence, the Court may not modify the sentence once imposed. 18 U.S.C. § 3582(c); *Keitt*, 21 F.4th at 73. A reference to, and brief discussion of, the § 3553(a) factors is therefore superfluous. However, for the benefit of the record, the Court notes that the § 3553(a) factors were considered when the sentence was imposed and that they have not been affected by time. The

Court recalls its analysis at the time of Liounis' sentencing, including that he had previously been sentenced to over seven years of incarceration for similar conduct, such a sentence not proving sufficient to deter him from reoffending. In fact, at the time he began his involvement with the crimes for which he is now in prison it had only been a few months since he had been released from an 87-month sentence for conspiracy to commit securities and wire fraud and money laundering. PSR at ¶ 68. The Court also recalls the emotional testimony provided at trial by victims of Liounis' schemes. One victim was a policeman from Kentucky who needed money to take care of his father in a nursing home; Liounis misrepresented the amount of money left in the man's account and, instead of even sending the small amount Liounis claimed was left, Liounis sent his father a fruit basket. Others had invested significant sums of money intended for retirement, their children's education, and to care for sick loved ones. The recorded telephone calls that were played at trial showed Liounis to be callous and completely indifferent, guided solely by a desire to extract more money from his innocent victims. *United States v. Liounis*, No. 14-3216, Dkt. No. 39 (2d Cir. March 24, 2015), at A-538-A-539 (Aug. 22, 2014 Hr'g Tr. at 51:10-52:12). His claims of rehabilitation also ring hollow given his continued denial of responsibility. *See* [ECF No. 315], at 13. Of his 24-year sentence – the length of which indicates the serious of his crime – Liounis has served less than one-half. The need for the sentence imposed, which was just when it was rendered, and continued incarceration have not become "inequitable"[1] during the course of his incarceration.

---

[1] The legislative history of the amendment to § 3582(c) reflects the view that relief is appropriate where continued incarceration under the circumstances would be "inequitable." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).

## CONCLUSION

For the foregoing reasons, Liounis' motion for release is **DENIED**. His motion to expedite is **DENIED AS MOOT**.

SO ORDERED.

Dated:   Brooklyn, New York
         March 14, 2022

/s/_____
I. Leo Glasser
Senior United States District Judge

7