UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -against-

PETER LIOUNIS,

         *Defendant.*

12-CR-350 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

---

ROSS, United States District Judge:

Defendant, Peter Liounis, has filed an objection to the Government's Writ of Continuing Garnishment and has requested a hearing, transfer of the garnishment proceeding, and appointment of counsel. Notice Dated 5/20/2024 Entitled Reply in Opposition ("Def.'s Obj."), ECF No. 332. For the reasons stated below, Mr. Liounis's objection and requests for a hearing, transfer, and appointment of counsel are DENIED.

## BACKGROUND

In 2014, Mr. Liounis was found guilty of mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, and was sentenced to 292 months' incarceration, as well as $3,864,080.11 in restitution. *See* Judgment as to Peter Liounis, ECF No. 249. On May 2, 2024, the government filed an application for a writ of continuing garnishment in accordance with the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205(b)(1), stating that Mr. Liounis had paid $805 toward the judgment, leaving a total balance of $3,864,175.11 with interest continuing to accrue. Mot. for Writ of Continuing Garnishment 1, ECF No. 327. The government indicated that the law firm Cannata, Hendele & Cannata, LLP would soon be in possession of Mr. Liounis's money or property and designated the firm as garnishee. *Id.* at 2. On May 16, 2024, Alison Cannata Hendele

filed an answer explaining that the firm had been retained by Mr. Liounis in 2021 "to file a claim on his behalf with the September 11 Victim Compensation Fund . . . . [for] pain and suffering caused by the injuries he sustained following his exposure to the World Trade Center dust and debris." Answer of Garnishee 7, ECF No. 329. She wrote that although the claim was pending, claimants with similar injuries have received between $20,000 and $90,000. *Id.* On July 10, 2024, Ms. Cannata Hendele reported that her firm had received a $20,000 award for Mr. Liounis's injuries; she advised the court that the firm would be appealing and would provide an update if Mr. Liounis were awarded any additional funds. Supplemental Answer of Garnishee 7, ECF No. 337.

On May 20, 2024, Mr. Liounis, proceeding *pro se*, filed a timely objection consistent with the instructions served upon him by the government. Def.'s Obj.; *see* Instrs. to Defendant-Judgment Debtor, ECF No. 327-2. He explained that he was unsure whether any specifically enumerated exemptions to garnishment applied, but that he checked off every exemption on the "Claim for Exemption Form" as a "blanket objection." Def.'s Obj. 7–8.[1] He argued that money from the Victim Compensation Fund was exempt from garnishment. *Id.* at 8. Mr. Liounis also requested a hearing and transfer to the Eastern District of North Carolina, the district in which he currently resides. *Id.* at 7–8. Finally, he requested appointment of counsel. *Id.* at 8. The government opposed. Letter Resp. to Def.'s Mot. in Opp'n to Govt's Writ of Continuing Garnishment ("Govt's Resp."), ECF No. 333. Mr. Liounis's reply was filed on July 18, 2024. Reply, ECF No. 340.

---

[1] The page numbers cited refer to the page of the PDF at ECF No. 332.

2

## DISCUSSION

**I.   No exemption to garnishment applies.**

"The Mandatory Victims Restitution Act ('MVRA') makes restitution mandatory for certain crimes," and "[t]he imposition of restitution is part of a defendant's criminal prosecution." *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015). "[T]he only property exempt from [garnishment] is that which the government could not reach for the payment of federal income taxes." *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006); *see* 18 U.S.C. § 3613(a). Specifically, the government cannot garnish the following property:

> (1) Wearing apparel and school books. . . .
>
> (2) Fuel, provisions, furniture, and personal effects . . . as does not exceed $6,250 in value;
>
> (3) Books and tools of a trade, business, or profession . . . as do not exceed in the aggregate $3,125 in value.
>
> (4) Unemployment benefits. . . .
>
> (5) Undelivered mail. . . .
>
> (6) Certain annuity and pension payments. . . .
>
> (7) Workmen's compensation. . . .
>
> (8) Judgments for support of minor children. . . .
>
> (10) Certain service-connected disability payments. . . .
>
> (12) Assistance under Job Training Partnership Act. . . .

26 U.S.C. § 6334(a); *see* 18 U.S.C. § 3613(a)(1). "These exemptions are an exclusive list." *United States v. Watson,* No. 12-CV-779 (MAD), 2024 WL 1796077, at *2 (N.D.N.Y. Apr. 25, 2024); *see Drye v. United States*, 528 U.S. 49, 56 (1999) ("The enumeration contained in § 6334(a), Congress directed, is exclusive.").

3

Mr. Liounis argues that the money he will receive from the Victim Compensation Fund is exempt from garnishment, Def.'s Obj. 7–8, but none of the exemptions listed above applies. Even if the money could be construed as a disability payment, Section 6334(a)(10) contemplates only disability payments connected to service in the United States military, and there is no indication that Mr. Liounis is a veteran. *See* Presentence Investigation Report ¶¶ 77–101, ECF No. 215. Because the "enumeration contained in § 6334(a) . . . is exclusive," Mr. Liounis's Victim Compensation Fund money is not exempt from garnishment. *Drye*, 528 U.S. at 56.

## II.   Mr. Liounis is not entitled to a hearing or transfer.

"[A] writ of garnishment seeks to enforce an already existing order of restitution," *Cohan*, 798 F.3d at 89, and the FDCPA "provides the mechanism," *United States v. O'Brien*, No. 11-CR-652, 2021 WL 3550230, at *4 (S.D.N.Y. Aug. 10, 2021). Under the FDCPA, a judgment debtor may request a hearing to challenge a Writ of Garnishment. 28 U.S.C. § 3202(d). He may also request a transfer to the district court for the district in which he resides. 28 U.S.C. § 3004(b)(2). Because Mr. Liounis's objection is baseless, however, neither is warranted here.

"Although the [FDCPA] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing . . . where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Montijo*, No. 17-CR-518, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (colleting cases)); *see also United States v. O'Brien*, 851 Fed. App'x 236, 240 (2d Cir. 2021) (affirming denial of a hearing because the defendant's "legal challenge to the garnishment order does not require any factfinding, but rather fails on the merits"). As explained above, no exemption applies to the money Mr. Liounis seeks to shield from

4

garnishment. This is plain as a matter of statutory interpretation; no factfinding is required. An evidentiary hearing is therefore unnecessary.

The Second Circuit has not addressed whether a venue transfer under Section 3004(b)(2) is mandatory. *See O'Brien*, 851 Fed. App'x at 238–39. The "great bulk of authority," however, has found that transfer "is not mandatory," and "that venue can be denied under [Section 3004(b)(2)] if [the government shows] good cause [to do so]." *Id.* at 238 (quotations omitted); *see Montijo*, 2021 WL 2470507, at *2–3 (collecting cases). Courts that have deemed the provision permissive rather than mandatory have reasoned that the FDCPA grants district courts plenary authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute," 28 U.S.C. § 3013, and that Section 3004(b)(2) does not deprive district courts of that plenary authority. *See Montijo*, 2021 WL 2470507, at *3. Where the defendant does "not dispute that money [is] owed to the United States" and the government shows that "'no substantive basis for contesting the garnishment proceedings [exists],'" denial of a transfer request is appropriate. *United States v. Sethi*, No. 08-CV-418, 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014) (quoting *United States v. Mathews*, 793 F. Supp. 2d 72, 76 (D.D.C. 2011)). The government has established good cause to deny the motion, Govt's Resp. 5–6; as discussed above, Mr. Liounis has not asserted any meritorious basis for contesting the garnishment proceedings. Accordingly, I conclude that granting his request for a transfer would not be an efficient use of judicial resources and deny his request.

### III. Assistance of counsel is not warranted because Mr. Liounis's position is not "likely to be of substance."

Although Mr. Liounis's criminal conviction instigated these proceedings, his challenge to garnishment is a civil matter "collateral to the underlying criminal conviction." *Cohan*, 798 F.3d at 89. He accordingly does "not possess a right to counsel derived from the Sixth Amendment."

5

*Id.* at 89–90. I may appoint counsel to represent him, however, pursuant to 28 U.S.C. § 1915(e)(1). In considering whether to do so, I must "first determine whether [his] position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If it does, I

> should then consider [his] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, [his] ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62. For the reasons explained above, I have determined that Mr. Liounis's position seems highly unlikely to be of substance. I therefore need not consider the remaining *Hodge* factors, and I deny his request for assistance of counsel.

## CONCLUSION

For the foregoing reasons, Mr. Liounis's objection, request for a hearing, request for transfer, and request for appointment of counsel are DENIED.

SO ORDERED.

                                                              /s/
                                                              Allyne R. Ross
                                                              United States District Judge

Dated:      July 19, 2024
                 Brooklyn, New York