UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

      *Plaintiff*,

 -against-

PETER LIOUNIS,

      *Defendant*.

12-CR-350 (ARR)

**OPINION & ORDER**

ROSS, United States District Judge:

  Defendant Peter Liounis brings this *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines (the "Guidelines" or the "Sentencing Guidelines"). *See* U.S. Sent'g Comm'n, Guidelines Manual ("U.S.S.G.") §§ 1B1.10, 4A1.1. For the reasons set forth below, the Defendant's motion is GRANTED.

## BACKGROUND

  On February 6, 2014, Mr. Liounis was convicted on all counts of a nine-count indictment for mail fraud, wire fraud, and securities fraud in a jury trial presided over by District Judge Glasser. Revised Presentence Investigation Report ("PSR") ¶ 1, ECF No. 238. Those charges stem from Mr. Liounis's involvement in three successive fraudulent investment schemes, in which he and his co-conspirators made false promises about investment opportunities to obtain millions of dollars from over 264 investors. *Id.* ¶ 13.

  Prior to Mr. Liounis's sentencing, the United States Probation Department used the 2013 Guidelines Manual to calculate Mr. Liounis's total offense level to be 37. PSR ¶¶ 42–66. At Mr.

1

Liounis's sentencing hearing on August 22, 2014, District Judge Glasser found that the base offense level of Mr. Liounis's convictions was seven, which was to be increased by twenty points because the relevant conduct caused losses over $7 million. Aug. 22, 2014 Sent'g Trans. ("Tr.") at 26, ECF No. 258. Next, the court found that the offense involved more than 250 victims, which further increased the offense level by six points. *Id.* Finally, the court found that the fraud was committed by sophisticated means and that Mr. Liounis had obstructed justice by committing perjury at trial, with each of those findings increasing Mr. Liounis's total offense level by two points. *Id.* at 27. In sum, Judge Glasser found that the total adjusted offense level was thirty-seven. *Id.* Adopting the calculation in the presentence report, PSR ¶¶ 71–73, the court found that Mr. Liounis fell into a criminal history category of IV. Tr. at 47. This resulted in a Sentencing Guidelines range of 292 to 365 months imprisonment. *Id.* at 27.

Applying the Section 3553 factors at sentencing, the court considered Mr. Liounis's personal history and characteristics, including his allergies, asthma, and vascular problems which resulted in two leg surgeries while he was incarcerated. *Id.* at 45. Judge Glasser also considered Mr. Liounis's previous conviction, for a similar offense, by guilty plea before Judge Hellerstein in the Southern District of New York. *Id.* 47–50. Distinguishing the instant proceeding from Mr. Liounis's previous convictions, Judge Glasser observed that while Judge Hellerstein "didn't hear . . . the pain of his victims as they related that pain from the witness box," "[he] did . . . and it was almost palpable." *Id.* at 51. The court observed that Mr. Liounis's aimed to "extract from his innocent gullible victims more saved, hard-earned money" while the "patina of more than seven years in prison for the same crime had barely begun to wear off on him." *Id.* at 52. Given the scale and scope of Mr. Liounis's instant offense and the failure of his previous sentence to deter future criminal conduct of a similar nature, Judge Glasser found support for a sentence within the

Guidelines range. *Id.* The court then imposed a sentence of 292 months imprisonment, a sentence at the bottom of the Guidelines range.

Mr. Liounis's case was transferred to me on May 31, 2024. Mr. Liounis is currently incarcerated, and his projected release date is January 10, 2033. *See* ECF No. 324 at 3. On April 23, 2025, Mr. Liounis moved for a sentence reduction citing Amendment 821. ECF No. 354 ("Motion" or "Mot."). I ordered the Government to respond to Mr. Liounis's motion on June 17, 2025. The Government responded with a letter opposing the motion on July 2, 2025. ECF No. 355 ("Opp.").

## DISCUSSION

**1.      Legal Framework**

18 U.S.C. § 3582(c)(2) permits a federal court to reduce a defendant's sentence where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and where the modification is made retroactive. 18 U.S.C. § 3582(c)(2). The statute requires the court to conduct a two-party inquiry. First, Section 3582(c)(2) requires the court to follow the Sentencing Commission's instructions in § 1B1.10 to determine the defendant's eligibility for a sentence modification and the extent of the reduction authorized. Except for defendants who provided substantial assistance to the government, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Perez*, No. 22-CR-122, 2024 WL 2293828, at *1 (E.D.N.Y. May 21, 2024) (granting sentence reduction to the bottom of the newly applicable Guidelines range).

3

Second, Section 3582(c)(2) instructs the court to consider applicable Section 3553(a) factors and "determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). In other words, "the district court must first determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced." *United States v. Baez*, No. 19-CR-463, 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024). Then, the court must consider the factors set forth in section 3553(a), to the extent they are applicable, and assess whether the reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020).

Relevant here, the Sentencing Commission revised the Guidelines in what is known as Amendment 821, which went into effect on November 1, 2023. U.S.S.G. App. C, amend. 821. Amendment 821 applies retroactively. *See United States v. Rios*, No. 24-673-CR, 2025 WL 841862, at *1 (2d Cir. Mar. 18, 2025). Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1. In its previous form, section 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (May 3, 2023). Amendment 821 replaced that language with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*; U.S.S.G. § 4A1.1(e). Under the new

4

version of the guideline, an individual can receive a maximum of one status point for committing an offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e) (2023). "This change reflected the Commission's finding that status points are of little predictive value in assessing the likelihood of recidivism." *United States v. Spears*, No. 06-CR-340, 2025 WL 66014, at *3 (E.D.N.Y. Jan. 10, 2025) (citing U.S. Sent'g Comm'n, Revisiting Status Points 17 (2022), https://www.ussc.gov/research/research-reports/revisiting-status-points).

**2.    Analysis**

At the time of sentencing, Mr. Liounis fell into the criminal history category of IV. He received three criminal history points for a previous conviction in the Southern District of New York. PSR at ¶ 68 (citing Guideline 4A1.1(a); 4A1.2(e)(1)). He received two criminal history points for another conviction in the Southern District of New York. *Id.* ¶ 69 (citing Guidelines 4A1.1(b); 4A1.2(e)(2)). That resulted in a subtotal criminal history score of five. Then, the court added two points per U.S.S.G. § 4A1.1(d) because Mr. Liounis "committed the instant offense while under a criminal justice sentence, specifically, while serving a term of supervised release for his prior federal convictions on April 23, 2007, and June 13, 2001. *Id.* ¶ 72. That brought Mr. Liounis's criminal history score to seven, falling in a criminal history category of IV. *Id.* ¶ 73.

Amendment 821 eliminates the two "status points" added to Mr. Liounis's criminal history score for committing the instant offense while serving a term of supervised release for his prior federal conviction. Because Mr. Liounis did not receive seven or more points under subsections (a) through (d), he is not subject to a one-point addition for committing the instant offense while serving a criminal justice sentence. Therefore, his criminal history score is five, leading to a criminal history category of III. Based on that criminal history category and Mr. Liounis's total offense level of 37, his amended Guidelines range is 262 to 327 months imprisonment.

While arguing that Mr. Liounis's motion should be rejected based on a discretionary review of his criminal conduct and history, the Government's opposition does not dispute that Mr. Liounis is eligible for a sentence reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2), and that I possess the authority to reduce his sentence to the bottom of the new Guidelines range. Opp. at 7–8. Indeed, Mr. Liounis's original sentence of 292 months imprisonment is not below the amended Guidelines range. *See United States v. Kaganovich*, No. 17-CR-649, 2024 WL 2258300, at *2 (E.D.N.Y. May 17, 2024) ("[W]here a defendant's original sentence imposed a term of imprisonment below the amended Guidelines range, that defendant is ineligible for a sentence reduction under section 3582(c)(2)"). He requests only a sentence reduction to 262 months imprisonment, a term of imprisonment within the amended range. Mot. at 1.

Under 18 U.S.C. § 3582(c)(2), I must also balance the factors set forth in 18 U.S.C. § 3553(a). The Government argues that resentencing is inappropriate under the § 3553(a) factors because there have been no "material" changes in Mr. Liounis's circumstances. Opp. at 8. The Government argues that the § 3553(a) factors—which include consideration of a defendant's criminal history—should weigh against Mr. Liounis's request for a sentence reduction because "Judge Glasser did not place undue emphasis on the Guidelines at sentencing," and instead "independently weighed and thoroughly analyzed the section 3553(a) factors" in coming to Mr. Liounis's original 292 months sentence. Opp. at 9. In other words, the Government implies that Judge Glasser's analysis of the § 3553(a) factors drove his sentencing decision. Ultimately, the Government argues that "the extraordinary seriousness of the defendant's crime and the nature of his criminal history . . . strongly favor a sentence at the top of any Guidelines range." Opp. at 8.

However, while the Government correctly observes that Judge Glasser conducted an independent and thorough analysis of the § 3553(a) factors at Mr. Liounis's sentencing hearing,

6

Judge Glasser drew from the calculated Guidelines range to determine what sentence to impose. At sentencing, he noted the "seriousness of the offense," Tr. at 52, the need to deter further criminal conduct, *id.* at 54, and the serious harm Mr. Liounis inflicted on his victims, *id.* at 55. At the hearing, the Government sought the top sentence under the range. *Id.* at 40. Still, Judge Glasser came to a sentence at the precise bottom of the Guidelines range even though Mr. Liounis committed the instant offense while on supervised release. My independent review of the record, including the trial and sentencing transcripts, both confirms the seriousness of Mr. Liounis's offense and that a sentence within the Guidelines range was appropriate.

In addition to the Section 3553(a) factors, I have also considered the potential danger posed by a sentence reduction and Mr. Liounis's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(ii), (iii). First, given the length of Mr. Liounis's original sentence of 292 months, I find that a 30-month reduction does not pose a danger to public safety given the significant deterrence effect of 262 months imprisonment on future criminal conduct. Second, I find that Defendant's post-sentencing conduct weighs neutrally. While the Government correctly notes that Mr. Liounis has engaged in repetitive and frivolous litigation challenging his conviction, Opp. at 9, he appears to have been an exemplary inmate at FCI Gilmer, where he was incarcerated from 2014 to 2023. Mot. at 2–3.

Taking into account the reasoning of Judge Glasser, who imposed a sentence at the bottom of the Guidelines range even after considering Mr. Liounis's criminal history and the § 3553(a) factors, the Sentencing Commission's revised position on status points, the potential impact on public safety of a sentence reduction, and the Defendant's post-sentencing conduct, I find that a new sentence at the bottom of the Guidelines range of 262 months to 327 months imprisonment is appropriate. Furthermore, following a thorough and independent review of the record, I have

7

determined that a sentence of 262 months imprisonment adequately reflects the seriousness of Mr. Liounis's offense, deters future criminal conduct, and protects the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2). Therefore, I order that Mr. Liounis's term of imprisonment be reduced to 262 months, maintaining all other components of the sentence as originally imposed.

## CONCLUSION

Having considered the record in this case and the parties' arguments, it is hereby ordered that Defendant's motion for a sentence reduction is GRANTED. His term of imprisonment is reduced to 210 months on each of Counts 1, 2, 3, 4, 5, 6, 7, and 9, with the sentences to run concurrently. His sentence on Count 16 to a 52-month term of imprisonment remains unchanged. The total sentence is 262 months. All other components of the sentence remain as originally imposed.

SO ORDERED.

                                                                             /s/
                                                           Allyne R. Ross
                                                           United States District Judge

Dated: July 9, 2025
       Brooklyn, New York